Barnard, P. J.
A judgment was entered in this action in favor of the plaintiff for $713.96, April 19, 1879.
The service of the summons was made by publication, and there was no appearance by the defendant. The claim was one for house rent and coal sold by plaintiff to defendant. By section 438, Code Civil Procedure, the court was authorized to direct the service of thé summons by publication, when the defendant was a non-resident, or the plaintiff with due diligence is unable to ascertain whether she was a resident or not, and in cases where the defendant has departed from the state with intent to avoid the service.
It is too late to allege any irregularity. The affidavit was sufficient to give jurisdiction to the court.
This was an action and the defendant was out of the state. It is true that the order for the order of publication stated that the defendant is a resident of the state as she was informed and believed; that the information came from a receiver of the defendant in New York who was infrequent correspondence with defendant.
The affidavit further stated that the defendant was formerly a resident of Westchester county in this state, and that she was then in Barnegat, New Jersey.
If the allegation that service could not be made in this state be disregarded, it was a fair inference from the facts that the defendant had either gone to New Jersey to avoid service, or that it was uncertain whether she was a nonresident or a resident of New York. It appeared that at the time she was in New Jersey and the teaching of the later cases, is to the effect that if the affidavit shows that no diligence will be able to secure a personal service by reason of the absence of the party, the affidavit is sufficient.
The order should be affirmed, with costs and disbursements.
Pratt, J., concurs.